IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. MALARIK, ) | |
| ) | Civil Action No. 08 - 619 |
| Plaintiff, ) | |
| ) | District Judge Donetta W. Ambrose, Chief |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| PORT AUTHORITY TRANSIT OF ) | |
| ALLEGHENY COUNTY, c/o David ) | |
| Allenbaugh-Bus Driver; PORT ) | |
| AUTHORITY TRANSIT POLICE, c/o ) | |
| Patrolman Robert Hresko, ) | |
| ) | |
| Defendants. | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

II. REPORT

Plaintiff, James M. Malarik, a prisoner presently confined at the Allegheny County Jail in Pittsburgh, Pennsylvania, has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. For the reasons that follow, the action should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

A. Standard of Review

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at

28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] Defendants are officers or employees of a governmental entity, *i.e.*, the Port Authority Transit of Allegheny County. Plaintiff has been granted leave to proceed IFP (doc. no. 2). Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to

---

[1]. Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

[2]. *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).

2

relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

B. Liability under 42 U.S.C. § 1983

In order to assert liability pursuant to 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff claims that he was falsely arrested on November 15, 2006. This claim arises under the Fourth Amendment, which provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

As an initial matter, it must be noted that the Constitution does not guarantee that innocent persons will not be arrested for crimes that they did not commit. Baker v. McCollan, 443 U.S. 137, 145 (1978) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released."). Notwithstanding, a search or seizure made without "probable cause" can violate the Fourth Amendment and, therefore, may be actionable under § 1983. *See* Albright v. Oliver, 510 U.S. 266, 277-78 (1994); Malley v. Briggs, 475 U.S. 335 (1986).

The determination of probable cause is an objective test requiring an evaluation of all the information the arresting officer had when he made the arrest. The question is whether the facts and circumstances are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. Malley v. Briggs, 475 U.S. 335, 345 (1986); Gerstein v. Pugh, 420 U.S. 103, 111 (1975). The Court of Appeals for the Third Circuit has instructed that courts must look at the "totality of the circumstances" and use a "common sense" approach in assessing the issue of probable cause. United States v. Glasser, 750 F.2d 1197, 1205 (3d Cir. 1984). Moreover, the absence of probable cause is not established by an adjudication of not guilty in the criminal proceeding. Mitchell v. Guzick, 138 Fed. Appx. 496, 500 (3d Cir. 2005) (internal quotation omitted).

Here, Plaintiff was charged with 2 counts of Harassment for engaging in conduct that serves no legitimate purpose with the intent to harass and for communicating lewd, lascivious, threatening or obscene words in violation of 42 Pa. Cons. Stat. §§ 2709 (a)(3) & (4) (doc. 1-2, p. 5). Attached as an exhibit to Plaintiff's Complaint is the Affidavit of Probable Cause signed by Officer Robert Hresko, which provides as follows.

> On 11/15/06 at approximately 1122 hours I, Officer Robert Hresko, responded to Merchant St. at 11th St. regarding an operator being harassed by a patron. Upon arrival the actor in question was no longer on scene. I interviewed the operator who stated that the actor in question was James M. Malarik. Mr. Malarik had assaulted the operator on a prior occasion following an ongoing pattern of harassment. Following the conviction of Mr. Malarik of those charges he has on at least three occasions confronted the operator at bus stops. The operator stated Mr. Malarik made obscene and lewd hand gestures, threatening arm movements, and profane comments towards the operator. Furthermore Mr. Malarik has mailed makeshift legal documents to the operator's residence. Based on the above facts I do hereby request the below listed charges be filed by summons against James M. Malarik.
> PACC 2709(a)(3) Harassment - Summary

PACC 2709(a)(4) Harassment - Misdemeanor III.

Affidavit of Probable Cause (doc. no. 1-2, p.6).

The facts set forth in the Affidavit for Probable Cause support a finding of probable cause. "Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). The Court of Appeals for the Third Circuit recently explained as follows.

> Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. Therefore, the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction. An arrest was made with probable cause if at the moment the arrest was made the facts and circumstances within the officers knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense. In other words, the constitutional validity of the arrest does not depend on whether the suspect actually committed any crime.

Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005) (quotations and citations omitted).

On the facts presented, a prudent officer reasonably could have believed that Plaintiff had committed the listed offenses. Thus, Plaintiff has failed to state a claim upon which relief may be granted under the Fourth Amendment.

III.   CONCLUSION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted .

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: October 16, 2008

        Lisa Pupo Lenihan
        U.S. Magistrate Judge

cc:    The Honorable Donetta W. Ambrose
       United States District Judge, Chief

       James M. Malarik
       130218
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219-3100

       James M. Malarik
       P.O. Box 572
       Ambridge, PA 15003